UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ASHISH ARORA,

                              Plaintiff,

                 -against-

STANDARD CHARTERED BANK and
MEERAN SYED ABDUL WAHAB,

                          Defendants.
----------------------------------------------------------------

**ORDER**
**25-CV-4041 (JPC) (JW)**

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

This matter has been referred for settlement.  Dkt. No. 6.

Should the Parties wish to schedule a settlement conference, the Parties are directed to contact Courtroom Deputy Christopher Davis via email at WillisNYSDChambers@nysd.uscourts.gov to provide at least three mutually agreeable dates.  The Parties are to provide dates at least 6 weeks from the date of the request.  Any conference will be held in person at Courtroom 228, 40 Foley Square, New York, New York.

Parties must attend in person with their counsel.  **The Parties should be prepared for the settlement conference to last all day.** Corporate Parties must send the person with decision-making authority to settle the matter to the conference. **At least a week prior to the conference, the Court will hold a pre-conference call with the attorneys.**

The Parties **are required** to prepare pre-conference submissions in accordance with Judge Willis's Standing Order for All Cases Referred for Settlement. These letters must be submitted **seven days prior to the date of the pre-**

**conference call**.   See § 3 of the Standing Order, ("no later than seven days before the pre-conference telephone call, counsel for each Party must send a letter to both the Court and opposing counsel by email. The letter should be sent to WillisNYSDChambers@nysd.uscourts.gov. This letter must not exceed three pages. The letter should include, at a minimum, the following: (a) the history of settlement negotiations, if any, including any prior offers or demands; (b) your evaluation of the settlement value of the case and the rationale for it; (c) any case law authority in support of your settlement position; and (d) any other facts that would be helpful to the Court in preparation for the conference.")

The parties *may* also submit an *ex parte* letter with confidential information for the Court. The letter should be sent to WillisNYSDChambers@nysd.uscourts.gov. The letter should be marked "Confidential Material for Use Only at Settlement Conference," and should not be sent to the other parties. The reason the letter is to be submitted *ex parte* is to ensure that counsel are candid with the Court as to the strengths and weaknesses of their case, and to provide a realistic assessment of the litigation risks each Party faces were the case to be resolved on the merits.

**The Parties are also required to jointly fill out the attached form** and submit it via email at least **seven days prior to the pre-conference phone call.**

Finally, should either Party wish to discuss a possible declaration of bankruptcy, a limited ability to pay an award, or lack of access to cash to fund a settlement, the Parties are strongly encouraged to discuss such issues with opposing

2

counsel prior to the settlement conference and to provide documents in their confidential *ex parte* letters that speak to their financial condition.

SO ORDERED.

DATED:    New York, New York
               January 7, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

# SETTLEMENT CONFERENCE FORM

**This form should be completed jointly by the Parties and emailed to
WillisNYSDChambers@nysd.uscourts.gov no later than three days before
the pre-conference telephone call. The answers to this form will be kept
confidential and fall within Rule 408 of the Federal Rules of Evidence.
Please cite to the relevant docket entry where appropriate.**

1.  **Has a deadline for fact discovery been set in this case?**
    Yes_____    No_____
    If yes, the discovery deadline is/was_____

    **If so, is discovery closed?**

    Yes_____    No_____
    If yes, the discovery deadline is/was_____

    **Does either Party intend to seek to reopen discovery?**

    Yes_____ No_____

2.  **Do the Parties expect any expert discovery?**

    Yes_____    No_____

    **Is there a deadline for expert discovery?**

    Yes_____    No_____

    If yes, the expert discovery deadline is/was_____

3.  **Is either Party waiting to receive records (medical records, payroll
    records, expert reports, etc.) important to its case?**

    Yes_____    No_____
    If yes, what are those records?_____
    Is the Party still prepared to settle even without receipt of those documents?
    _____

4.  **Has a Motion to Dismiss or Motion on the Pleadings Been Filed?**

4

Yes_____    No_____

If yes, did the District Judge rule on the Motion to Dismiss?

Yes_____    No_____

If yes, please list the surviving claims below:

_____

5. **Has a Motion for Summary Judgment Been Filed?**

Yes_____    No_____

If yes, did the District Judge rule on the Motion?

Yes_____    No_____

If yes, what did the District Judge rule?

Granted_____    Denied_____    Granted in part _____

If no, do the Parties intend to file for summary judgment?

Yes_____ No _____

6. **Are attorney's fees part of the damages calculation? If so, to date, what are the total attorney fees accumulated in the case?**

Yes_____    No_____

If yes, $_____

7. **Is this a fee-shifting case, if so, please identify the relevant statute.**

Yes_____    No_____

If yes, the relevant statute is:_____

8. **What are the estimated attorney fees for each side for the next stages of the litigation?**

Plaintiff $_____    Prefer Not to answer_____

Defendant $_____ Prefer Not to answer_____

9. **Are there any financial constraints affecting the settlement discussions the Court should be aware of?**

Yes_____    No_____
If yes, what are those financial constraints? _____

10. **What was Plaintiff's last best offer? When was this offer made?**

$_____

Date of Offer: _____

11. **What was Defendant's last best offer? When was this offer made?**

$_____

Date of Offer: _____

12. **If this case were to go to trial, do the Parties anticipate it will be a bench trial or a jury trial?**

Bench Trial_____

Jury Trial_____

13. **Does either Party intend to raise an inability to pay defense?**

**Plaintiff/Cross Defendant**

Yes_____ No_____

**Defendant/Cross Plaintiff**

Yes_____ No_____

**If so, have the Parties shared any financial documents demonstrating an inability to pay?**

Yes_____ No_____

6

14. **Are there any other impediments to settlement that the Court should be aware of?**

Yes_____    No_____

If yes, please describe._____