UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ASHISH ARORA,

                          Plaintiff,                            **ORDER**

                -against-                     **25-CV-4041 (JPC) (JW)**

STANDARD CHARTERED BANK and
MEERAN SYED ABDUL WAHAB,

                         Defendants.
----------------------------------------------------------------
**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

On January 22, 2026, Defendants filed a letter seeking to compel Plaintiff to appear for an in-person deposition in New York.  For the foregoing reasons, the Court **GRANTS** Defendants' request.

## BACKGROUND

On January 22, 2026, Defendants filed a letter seeking to compel Plaintiff to appear in person for a deposition in New York.  Dkt. No. 25.  Defendants noted that during a meet and confer, Plaintiff informed Defendants that he is currently living in Mexico and may not return to the United States during the discovery phase of this action.  Id.  Defendants contend that as a key witness, Plaintiff should be directed to appear in-person to ensure "that the parties do not have access to documents or information outside of the confines of the deposition at the time of the deposition, and to assess the witness's credibility."  Id.  Defendants further assert that the balance of hardships ultimately weigh in favor of compelling Plaintiff to return to New York to be deposed.  Id.

On February 4, 2026, Plaintiff filed a letter opposing Defendants' request. Dkt. No. 29. Plaintiff instead asserted that a remote deposition with "appropriate safeguards" would suffice, as an in-person deposition would require international travel, which would impose a "disproportionate and unnecessary burden" on Plaintiff costing him thousands of dollars. Id. Plaintiff contends that if he "were to return to the United States during the discovery period, Defendants could seek to depose [him] in person at that time." Id.

On February 6, 2026, Defendants filed another letter stating that in the alternative, the Court should direct Plaintiff to appear in person for a deposition at Defendant Standard Chartered Bank's office in Mexico City. Dkt. No. 30. Upon a review of the documents produced by Plaintiff, Defendants "would then determine whether to proceed with an in person or virtual deposition at that location, and would give Plaintiff advance notice of that decision." Id.

On February 12, 2026, the Court ordered Defendants to provide authority regarding the potential legal ramifications of deposing Plaintiff in Mexico. Dkt. No. 31. Pursuant to that order, Defendants provided the Court with authority that "insofar as Plaintiff is a citizen of the United States and consents to being deposed in Mexico, his deposition in this action may proceed in that country." Dkt. No. 32.

The Court directed Plaintiff to file a response to Defendants' February 12th letter. Dkt. No. 33. On February 27, 2026, Plaintiff filed an opposition to Defendants' February 12th letter. Dkt. No. 35. Plaintiff did not explicitly state whether he would consent to a deposition in Mexico City. Instead, Plaintiff reasserted his previous

2

arguments, including that an in-person deposition would "necessitate significant travel, transit time, lodging, and personal expense borne solely by Plaintiff as a *pro se* litigant." Id.

## LEGAL STANDARD

"There is a general presumption that a plaintiff who chooses a particular forum should be prepared to be deposed in that forum." Connell v. City of New York, 230 F. Supp. 2d 432, 436 (S.D.N.Y. 2002) (citing Clem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938, 939 (S.D.N.Y. 1984) ("[T]his Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances.")); see, e.g., Restis v. Am. Coal. Against Nuclear Iran, Inc., No. 13 Civ. 5032 (ER) (KNF), 2014 WL 1870368, at *3 (S.D.N.Y. Apr. 25, 2014) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for [a] deposition.").

"Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that '[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means.'" Rouviere v. Depuy Orthopaedics, Inc., No. 18 Civ. 04814 (LJL) (SDA), 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (quoting Fed. R. Civ. P. 30(b)(4)). "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition ... the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship ... and conduct a careful weighing of the relevant facts.'" Id.

3

## **DISCUSSION**

Here, the Court finds that Plaintiff has not met his burden of showing there are "compelling circumstances" that call for a remote deposition instead of the presumed in-person deposition in New York.

Plaintiff contends that an in-person deposition would "necessitate significant travel, transit time, lodging, and personal expense borne solely by Plaintiff as a *pro se* litigant." Dkt. No. 35. The Court understands that traveling would require time and expense. But without more information from Plaintiff regarding this hardship, the Court finds that balancing the parties' respective hardships tips in favor of Defendants. See MPD Accessories B.V. v. Target Corp., No. 12 Civ. 7259 (RJS), 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013) ("Plaintiff's unsupported claims of financial hardship do not amount to the 'compelling circumstances' necessary to override [the] policy" of "requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances."). For instance, the case involves allegations regarding employment discrimination claims against Defendants. As Defendants argue, their ability to assess the credibility of Plaintiff—an obvious key witness in this case—"necessitates an in person deposition." See Kiss v. Kenny, No. 22 Civ. 10663 (CS) (JCM), 2025 WL 1532744, at *4 (S.D.N.Y. May 29, 2025); see also United States v. M/Y Amadea, No. 23 Civ. 9304 (DEH), 2024 WL 4799887, at *5 (S.D.N.Y. Nov. 15, 2024) ("[D]istrict courts have continued to recognize that there is nothing extraordinary or

4

inappropriate about seeking to take a deposition in person, particularly for a key witness.").

Further, while Defendants asserted that they were open to conducting an in-person deposition in Mexico City since Plaintiff is currently residing in Mexico, Plaintiff opposed that option and instead doubled down on seeking a remote deposition. As such, and given the Court has found that a presumed in-person deposition is appropriate, the Court need not address this alternate request.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' request to compel Plaintiff for an in-person deposition in New York.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 25 and 30.**

SO ORDERED.

DATED:   New York, New York
         March 23, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

5