**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ASHISH ARORA,

                               Plaintiff,                              **ORDER**

                     -against-                         **25-CV-4041 (JPC) (JW)**

STANDARD CHARTERED BANK and
MEERAN SYED ABDUL WAHAB,

                             Defendants.
-------------------------------------------------------------------

**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE:**

The Court is in receipt of Defendant's letter motion at Dkt. No. 41 and Plaintiff's response at Dkt. No. 43.

Defendants request a discovery conference concerning Plaintiff's failure to comply with his discovery obligations. Defendants assert that despite providing a 10-week extension to Plaintiff to produce documents responsive to their January 12 document requests, Plaintiff has only responded to 5 of the 29 RFPs and produced 4 documents. Dkt. No. 41. Plaintiff has also refused to provide a date certain by which he will produce all responsive documents, and instead stated that he would proceed on a "rolling" basis. Id. Further, Defendants note they have not produced documents responsive to Plaintiff's February 9 discovery requests because the parties agreed to a mutual exchange of documents. Id. Lastly, Plaintiff's deposition is noticed for May 27.

Plaintiff disputes Defendants' recitation of events. He asserts he has been working in good faith to produce documents, contending that production of documents on a rolling basis is necessary because Defendants' requests seek "extensive

communications and emails, as well as requests relating to travel records, passports, tax records, and other materials." Dkt. No. 43.  Plaintiff further contends that he did not agree to the May 27 deposition date and "informed Defendants that the deposition was premature while document production remained ongoing."  Id.  Lastly, while Plaintiff agreed to a "mutual exchange" of discovery, he did "not understand or agree that Defendants' own production obligations would be indefinitely withheld pending Plaintiff's complete production of all responsive documents."  Id.

The Court understands that Plaintiff is proceeding *pro se*, but Plaintiff must still comply with his discovery obligations and produce responsive documents to Defendants' discovery requests.  Defendants have made good faith efforts to work with Plaintiff by providing him multiple extensions to produce documents.  Plaintiff cannot simply punt his discovery obligations by asserting he will provide them on a "rolling" basis.  To that end, Plaintiff must produce all responsive documents to Defendants' January 12 discovery requests by **June 1, 2026**.  Defendants are also ordered to produce all responsive documents to Plaintiff's February 9 requests by the **June 1, 2026**.  Plaintiff is warned that failure to comply with his discovery obligations can result in case-ending sanctions.

The parties are also ordered to meet and confer regarding an updated date for Plaintiff's deposition.  Plaintiff's deposition should be scheduled after June 1 so that both parties have time to review documents from the new production.

On **June 4, 2026**, the parties are each required to file a letter (1) confirming whether they have exchanged documents with their opponent by the June 1 deadline and (2) providing the agreed-upon deposition date for Plaintiff.

**The Clerk of Court is respectfully requested to close Dkt. No. 41.**

SO ORDERED.

DATED:    New York, New York
          May 18, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge