Littler

**Littler Mendelson, P.C.**
900 Third Avenue
New York, New York 10022.3298

Margaret L. Watson
Shareholder
212.471.4492 direct
212.583.9600 main
718.210.2749 fax
mwatson@littler.com

July 1, 2026

**VIA ECF**

The Honorable Jennifer E. Willis, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Arora v. Standard Chartered Bank et al., No. 1:25-cv-04041-JPC-JW*

Dear Judge Willis:

Defendants respectfully submit this letter pursuant to Local Rule 37.2 and Your Honor's Individual Practices seeking a pre-motion conference regarding Plaintiff's continued failure to comply with his discovery obligations and the Court's May 18, 2026 Order (ECF No. 44).

Defendants served Requests for Production on Plaintiff on January 12, 2026. After receiving multiple extensions of time, Plaintiff served responses and a limited production while maintaining that he intended to continue producing documents on a "rolling basis." Defendants raised this issue with the Court in their April 30, 2026 letter motion (ECF No. 41).

The Court addressed the dispute in its May 18, 2026 Order and expressly rejected Plaintiff's position, holding that "Plaintiff cannot simply punt his discovery obligations by asserting he will provide them on a 'rolling' basis." (ECF No. 44 at 2). The Court further ordered Plaintiff to produce all responsive documents by June 1, 2026, and warned Plaintiff that failure to comply with his discovery obligations could result in case-ending sanctions. (ECF No. 44 at 2).

Following Plaintiff's June 1 production, Defendants reviewed Plaintiff's responses and production and served a detailed deficiency letter on June 9, 2026. Among other issues, Defendants identified deficiencies concerning Plaintiff's mitigation efforts, earned income, unemployment records, residency records, passport and travel documents, recordings, communications, and other categories of responsive materials that had not been produced.

Defendants thereafter engaged in good-faith meet-and-confer efforts with Plaintiff on June 10 and June 18 in an effort to resolve the dispute without Court intervention. During those discussions, Plaintiff represented that he was considering limiting his damages claims to avoid disclosure of

information concerning his current employment and earnings. Plaintiff further represented that he would revisit several disputed requests, including Defendants' requests relating to passport and travel documentation, to try and avoid motion practice. Plaintiff advised that he would provide a substantive response to Defendants' deficiency letter by June 26, 2026.

Plaintiff did not provide the promised substantive response. Instead, on June 26, 2026, Plaintiff transmitted an additional supplemental production consisting solely of job-application-related materials. The production appears to consist primarily of screenshots and emails relating to certain job applications and does not address the outstanding deficiencies identified in Defendants' June 9 letter. Nor did Plaintiff confirm whether responsive documents are being withheld, whether additional responsive documents exist, or whether his production is complete. Rather, Plaintiff appears to have continued the "rolling" production process that the Court previously rejected in ECF No. 44.

Plaintiff's continued piecemeal production is causing substantial prejudice. Defendants originally noticed Plaintiff's deposition for May 27, 2026. Defendants subsequently adjourned that deposition while document discovery remained outstanding, and the Court thereafter directed the parties to confer regarding a new deposition date following document production. (ECF No. 44).

More recently, in connection with the parties' June 11 status report and subsequent scheduling discussions, Plaintiff requested that all depositions be conducted during a single period to minimize his travel burden. Defendants undertook substantial efforts to accommodate that request by contacting and coordinating the schedules of the five witnesses Plaintiff seeks to depose. As reflected in Defendants' June 25 status update and the Court's June 26 Order, the parties are presently working toward a comprehensive deposition schedule. (ECF Nos. 49, 51). However, Defendants' efforts regarding being able to confirm depositions dates were premised on the understanding that the exchange of written discovery would be concluded on or about June 26, when Plaintiff would provide a substantive response to Defendants' June 9 deficiency letter. Instead, as recited above, Plaintiff's only June 26 response was to provide screen shots of 14 jobs that he presumably applied to in the period December 20, 2023, to April 8, 2024. Defendants cannot adequately prepare for Plaintiff's deposition, or defend the depositions Plaintiff has noticed, while material discovery remains incomplete and new documents continue to be produced without any indication that production has concluded.

Accordingly, Defendants respectfully request a pre-motion conference for leave to file a motion to compel. Defendants anticipate seeking an order requiring Plaintiff to provide complete amended responses to Defendants' Requests for Production; produce all responsive documents within his possession, custody, or control, including documents responsive to the categories identified in Defendants' June 9 deficiency letter; verify whether responsive documents are being withheld; and confirm that his production is complete. Given that this dispute concerns the same rolling-production conduct that previously resulted in Court intervention and a warning regarding sanctions, Defendants further request such sanctions and other relief as the Court deems appropriate should Plaintiff continue to disregard his discovery obligations and the Court's Order. (ECF No. 44).

We thank the Court for its consideration of the matters recited herein.

Respectfully submitted,

Margaret L. Watson

cc: Ashish Arora (by email)

Defendants' request for a pre-motion conference is **GRANTED.** The video conference will be held via Microsoft Teams on **July 29, 2026 at 10:30 AM**. A link will be sent to Plaintiff and Defendants' attorneys of record.

Defendants are directed to provide a more detailed letter by **July 17, 2026** regarding Plaintiff's deficient production, including the full text of the requests for production at issue. Plaintiff is ordered to file a response by **July 24, 2026**. Each letter shall be no more than five pages single spaced (excluding exhibits).

Lastly, Defendants are ordered to provide a courtesy copy of their forthcoming letter to the Court by **July 19, 2026**. The hard copy shall be tabbed, double-sided, and in a binder.

SO ORDERED.

JENNIFER E. WILLIS
United States Magistrate Judge
July 8, 2026